Charles L. Nutter and Helen D. Nutter, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 6608. Promulgated July 31, 1946.

*Sidney B. Gambill, Esq.*, and *A. G. Wallerstedt, C. P. A.*, for the petitioners.

*Karl W. Windhorst, Esq.*, for the respondent.

## OPINION.

OPPER, *Judge*: Petitioner borrowed the major part of the purchase price of certain securities. Some of these became worthless prior to the taxable year, leaving in the hands of the creditor, as collateral, securities with a basis to petitioner of less than the amount remaining due on the loan. The question is whether petitioner realized gain, suffered a deductible loss, or did neither, when in the tax year he settled with his creditor by surrendering title to the securities and delivering to it $1,000 in cash.

As in *Lutz & Schramm Co.*, 1 T. C. 682, 689, " *   *   *   the question is not whether [petitioner] realized income from the discharge or forgiveness of indebtedness, cf. *United States* v. *Kirby Lumber Co.*, 284 U. S. 1; *Lakeland Grocery Co.*, 36 B. T. A. 289; but is rather whether it realized gain from the disposition of   *   *   *   property."

The present transaction, however, was clearly in the nature of a purchase money borrowing. As in *Helvering* v. *American Dental Co.*, 318 U. S. 322, 330, it "is more akin to a reduction of sale price than to financial betterment through the purchase by a debtor of its bonds in an arms-length transaction." Unlike *Helvering* v. *American Chicle Co.*, 291 U. S. 426, this was a face-to-face transaction between debtor and creditor. See *Lewis F. Jacobson*, 6 T. C. 1048. And unlike *Lutz & Schramm*, *supra*, it can not be said here that "The property was acquired on August 19, 1924, from a predecessor company, and the mortgage was not placed upon it until January 2, 1925. We, therefore, conclude that the petitioner borrowed the money * * * and used it for its own purpose and benefit."

We think it follows that petitioner merely surrendered property which had fallen in value below the amount which he had undertaken to pay for it, and hence that no gain resulted from that transaction. Cf. *Hirsch* v. *Commissioner* (C. C. A., 7th Cir.), 115 Fed. (2d) 656. "In this view, there is no substance in the Commissioner's differentiation between a solvent or insolvent corporation or the taxation of income to the extent of assets freed from the claims of creditors by a gratuitous cancellation of indebtedness." *Helvering* v. *American Dental Co.*, *supra*, p. 330. On this doctrine cf. *Texas Gas Distributing Co.*, 3 T. C. 57, and *Main Properties, Inc.*, 4 T. C. 364, on the one hand, with *Carlisle Packing Co.*, 29 B. T. A. 514, and *J. K. McAlpine Land & Development Co., Ltd.*, 43 B. T. A. 520, 526, on the other.

It does not follow, however, that petitioner is entitled to claim any loss on the transaction. If he had paid for the property in cash and had thereafter secured a loan upon it, his argument might be more persuasive. But in that case he would be met by the necessity of treating the settlement with the creditor as a sale and of returning the resulting gain. *Lutz & Schramm*, *supra*. Because we have found here that this was in effect a purchase money transaction, the taxable gain phase of this proceeding has been decided in petitioner's favor. He can not at the same time have the benefit of the assumption that he paid for the property something of value which has been lost and for which he may have a deduction. He has in fact lost nothing [1] of his own and has merely avoided payment of an obligation which could have resulted in a loss only if it had been enforced. In such a situation the loss is too illusory for the practical purposes of the tax law. See *Eckert* v. *Burnet*, 283 U. S. 140.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Disney, *J.*, dissents.

---

[1] Any amount of cash contributed by petitioner is more than eliminated by the $33,000 of securities which are shown to have become worthless in a prior year.

TURNER, *J.*, dissenting: It is my view that *Helvering* v. *American Dental Co.*, 318 U. S. 322, has nothing to do with this case. If I read the facts aright, they do not show that there was any forgiveness of indebtedness or scaling down of the purchase price of the property. There was a satisfaction of a loan to petitioner from a bank, the satisfaction being effected by the transfer of property having an ascertained cost basis to petitioner. If the answer to the question here is to be found in pronouncements of the Supreme Court, it is in my opinion found in *Helvering* v. *Midland Mutual Life Insurance Co.*, 300 U. S. 216. The only difference I am able to find between the case before us and that of *Helvering* v. *Midland Mutual Life Insurance Co.* is that in the latter case the party litigant was the purchaser; in this case the party involved is the seller. What was said in that case could well have been said here. Referring to the contention that the transaction there was not a sale, the Supreme Court observed:

The company argues that taxation is a practical matter; that we should be governed by realities; that the reality is, that all the company got was the property; and that the property was worth less than the principal of the debt. The "reality" of the deal here involved would seem to be that respondent valued the protection of the higher redemption price as worth the discharge of the interest debt for which it might have obtained a judgment. Moreover, the company's argument ignores the needs of an efficient system of taxation. The administration of the income tax law would be seriously burdened if it were held that when a mortgagee bids in the property for a sum including unpaid interest, he may not be taxed on the interest received except upon an inquiry into the probable fair market value of the property. * * * There is nothing unfamiliar in taxing on the basis of the legal effect of a transaction. Income may be realized upon a change in the nature of legal rights held, though the particular taxpayer has enjoyed no addition to his economic worth. * * *

The company contends that to tax the mortgagee as upon interest received is inconsistent with the rule declared in *Louisville Joint Stock Land Bank* v. *Radford*, 295 U. S. 555 * * *, that the mortgagee is entitled to have "the mortgaged property devoted primarily to the satisfaction of the debt, either through the receipt of the proceeds of a 'fair competitive sale or by taking the property itself." The charge of inconsistency is unfounded. The company exercised its right to have a sale. At the sale, it was free either to bid or to refrain from bidding. If it bid, it was free to bid such sum as it pleased. It chose to bid the full amount of principal and interest. Thus it obtained, in legal contemplation, full payment of the interest as well as the principal. To tax the company upon the full amount of interest received as a result of its own bid in no way impairs its rights as mortgagee. * * * If the bid had been insufficient to yield full payment of the mortgage debt, principal, and interest, the company would have been entitled to a judgment for the deficiency. If the company had refrained from bidding, and a stranger had bid more than the principal, the company would obviously have been taxable upon the excess up to the amount of the interest due. * * *

Although in this case we have before us the seller, not the purchaser, the reasoning of the Supreme Court is in my opinion equally applicable. The petitioner in this case owed money to the bank of

the creditor and the securities disposed of were held as collateral. The bank could have had the securities sold ȯn the market and, after applying the proceeds on the debt, still have had a claim for any deficiency in the repayment of its loan. For reasons agreeable to both parties, the securities were not sold on the market, but to the bank at a price equal to the debt. If the bank was willing to pay more for the shares than they were worth, certainly the petitioner in this instance may not complain. To him, it was full realization of gain, and it is my view that under the reasoning of the Supreme Court in *Helvering* v. *Midland Mutual Life Insurance Co.*, *supra*, taxable gain was realized equal to the difference between the cost basis for the shares sold and the selling price.

I accordingly note my dissent.

VAN FOSSAN and LEECH, *JJ.*, agree with this dissent.