R. O'DELL & SONS COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6636. Promulgated June 9, 1947.

*Herbert C. Smyth, Jr., Esq.*, for the petitioner.
*Francis X. Gallagher, Esq.*, for the respondent.

1166

OPINION.

OPPER, *Judge*: If an owner sells property for more than its basis, the assumption that there has been a taxable gain follows almost inevitably. This is as true where the consideration received is property as where it is cash. Sometimes, the transaction involves an atypical sort of consideration such as release of the transferor's indebtedness. That does not prevent the transfer from being a sale or exchange resulting in capital gain or loss. *Harold R. Smith*, 39 B. T. A. 892; *James B. Lapsley*, 44 B. T. A. 1105; *Rogers* v. *Commissioner* (C. C. A., 9th Cir.), 103 Fed. (2d) 790; certiorari denied, 308 U. S. 580; rehearing denied, 308 U. S. 635; *Stamler* v. *Commissioner*, (C. C. A., 3d Cir.), 145 Fed. (2d) 37. So where an owner pledges its property for a loan, the proceeds of which are greater than its basis, and subsequently succeeds in transferring the property for a cancellation of the debt, the excess of what it received over the basis of the property is gain, taxable in the year in which the property is disposed of and the debt discharged. *Lutz & Schramm Co.*, 1 T. C. 682.

It is true that the present petitioner's cost is greater than the mortgage and if it were not for depreciation adjustments there would have been no gain under any theory. But in this respect it is like *Crane* v. *Commissioner*, 331 U. S. 1. As in that case, a correct disposition of petitioner's tax liability after the elimination of the mortgage indebtedness, and taking into consideration the benefits received from prior depreciation deductions, can not be

achieved except upon a review of the whole transaction when the property is disposed of and the indebtedness disappears.

The only difference in this instance is that the elimination of petitioner's obligation came through the operation of New Jersey law and legal processes.[1] But the consequence of the *Hammel* case[2] and its companion[3] is to eliminate the distinction between forced and voluntary sales. And the local statutory scheme makes it clear that foreclosure, sale, and collection of any deficiency are virtually one transation. We do not regard as justified a result which would separate what is in substance and effect a single whole. *Peninsula Properties Co., Ltd.*, 47 B. T. A. 84. That the final phase of the transaction was closed and completed just over the end of the year in which it was begun is no more of an impediment to the fixing of the year of completion of the present gain than is, for example, the establishment of loss where a foreclosure takes place in one year and the transaction is not finally closed until the period of redemption expires in another. *J. C. Hawkins*, 34 B. T. A. 918; affd. (C. C. A., 5th Cir.), 91 Fed. (2d) 354.

Since the present foreclosure was not followed up by any attempt to collect a deficiency, the proceeding to foreclose petitioner's property and the subsequent running of the short New Jersey statute have the effect under state law of transferring the property and giving petitioner an effective—if technical—defense against a deficiency judgment. This leaves it in the same position for all practical purposes as that of an owner who voluntarily transfers mortgaged property in exchange for cancellation of its obligation, and requires treatment as taxable gain of the excess over its basis of what it received from the lender *Lutz & Schramm Co., supra*. We find no error in respondent's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

HILL, *J.*, dissenting: I approach the question involved herein solely on the basis of the facts and the applicable law of New Jersey as stated and set forth in the report of the majority.

---

[1] The New Jersey practice with respect to mortgage indebtedness involves the preliminary necessity of a foreclosure sale as a prerequisite to any subsequent attempt to collect a deficiency. *Stamler* v. *Commissioner*, 145 Fed. (2d) 87, 89. If the price fixed for the property at the sale is less than the mortgage debt, a proceeding to obtain a judgment for the difference may be brought, but only within three months after confirmation of the foreclosure sale. N. J. S. A., 2 : 65-2. Even then, the amount collected will be limited by a virtual credit to the mortgagor of the equivalent of the fair market value of the property at the time of sale. *Harvester B. & L. Assn.* v. *Elbaum*, 119 N. J. L. 437; *Stamler* v. *Commissioner, supra*. Among other gaps in the present record is the complete absence of any evidence as to the value of the foreclosed property, leading to the possibility as a somewhat speculative matter that, even if the mortgagee had attempted to collect the balance of the debt, it would have failed, and that this situation might account for its inaction.

[2] *Helvering* v. *Hammel*, 311 U. S. 504.

[3] *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513.

The question presented is whether petitioner realized gain in the taxable year 1940 on the sale of real property under a proceeding of foreclosure of a mortgage on such property. The question is divisible as follows: (a) Was gain so realized and, if so, (b) was it realized in the tax year 1940?

If the gain was not realized in 1940, the amount thereof is immaterial for the purposes of this proceeding, since in such event the gain would not be taxable in 1940, the year before us in this proceeding. Hence, I will advert first to division (b) of the question, namely, whether the gain, if any, was realized in 1940. Whether or not gain was realized in 1940 depends on whether the sale in respect of which the gain is claimed was consummated in 1940. The facts show that in August 1939 a judgment of foreclosure and sale was entered in the amount of the secured indebtedness and that the mortgaged property was ordered sold to satisfy the judgment recovered. The facts show further that the sale of the property under the judgment and order was made on October 17, 1939, to the mortgagee and that such sale was judicially confirmed on October 30, 1939. Under the law of New Jersey, as stated in the report of the majority, petitioner had no right of redemption from such sale. Therefore, the sale was fully consummated in 1939 and the petitioner was thereby and at that time divested of any title, right or interest to or in the property sold. From and after the confirmation of sale the purchaser owned the property.

In my opinion, based upon the indisputable facts above recited, the conclusion is inescapable that, whether petitioner realized gain or loss on the sale of the property, such realization occurred in the tax year 1939 and hence can not be taken into account in determining petitioner's tax liability for the tax year 1940.

Whether or not the mortgage debt was extinguished by the sale price of the property or by the application thereto as a credit of the fair market value of the property at time of sale does not affect the time or event of consummation of the sale in the instant case as hereinabove indicated. The conclusion of the foreclosure proceedings extinguished the mortgage and concluded the transaction of the sale of the property thereunder. If the proceeds (or credit) of the sale were insufficient to extinguish fully the secured debt, the deficiency would survive as an unsecured debt and whether or not enforced by recovery of a deficiency judgment it could not affect the time of consummation of the sale under foreclosure or the amount realized on such sale. A proceeding to recover a deficiency judgment, under the facts and state law as stated in the report of the majority herein, would constitute an action apart from and not a part of the foreclosure proceedings and would involve in no way the property sold under foreclosure or the sale price thereof.

Cases cited by the majority involving sales under mortgage foreclosure where a period of redemption obtains do not present facts comparable with those of the instant case and, in my opinion, are valueless as supports for the majority holding. In jurisdictions where a period of redemption obtains following a foreclosure sale the mortgagor can not be said to have been divested nor the purchaser invested with ownership until the redemption period expires. Thus in such jurisdictions the foreclosure sale can not of itself be considered a closed transaction. But the contrary is true in New Jersey, where the right of redemption is cut off by the foreclosure sale.

Also, the case of *Lutz & Schramm Co.* is cited and apparently strongly relied on in the majority opinion. In that case the conveyance of the mortgaged property to the mortgagee was made in consideration of the full satisfaction of the mortgage and the mortgage debt. Accordingly, the debt was canceled and the mortgage was satisfied of record. By agreement of the parties to the transaction the consideration for the conveyance was the cancellation of the debt and it was therefore correctly held by this Court that the amount of the sale price of the property was the amount of the debt so canceled. It was also correctly held in that case that the gain realized on the sale was so realized in the year of the sale. I believe that that case supports my individual views herein expressed rather than the holding of the majority.

For the reasons indicated it is my opinion that the gain, if any, to petitioner from the sale of the property in question was realized in the year 1939 and hence can not be taxed to petitioner for the year 1940.