Estate of William A. Goetz, Deceased, Helen Goetz, Executrix v. Commissioner.
Estate of William A. Goetz v. Commissioner
Docket No. 30640.
United States Tax Court
1951 Tax Ct. Memo LEXIS 86; 10 T.C.M. (CCH) 935; T.C.M. (RIA) 51283; September 28, 1951
*86 Charles Meyers, Esq., 60 Wall St., New York, N. Y., for the petitioner. Maurice Stark, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: A deficiency in income tax for 1945 of $4,830.28 is contested by petitioner. In addition it claims an overpayment of $2,264.80. The question is whether and to what extent a payment received by petitioner's decedent in 1945 from a corporation of which he was a 50 per cent stockholder is taxable to him as a dividend. All of the facts are contained in a stipulation of the parties, and are hereby found as so stipulated. [The Facts] Petitioner is the estate of decedent William A. Goetz, who died May 20, 1950. His widow qualified as executrix July 18, 1950. The return for the period in controversy was filed with the collector of internal revenue for the third district of New York. Decedent and Samuel Kresberg each owned 50 per cent of the stock of Capitol Automatic Music Co., Inc., a New York corporation which kept its books of account on the cash basis. In November 1944 at a duly convened meeting the directors of that corporation authorized the distribution by the company of a sum not to exceed $35,000 to be paid *87 out by the corporation on or before December 31, 1944, to the stockholders of record as of that date. The resolution continued: "* * * of the sum so paid out that portion thereof which is sufficient to cover the aforesaid loans now represented by donated surplus shall represent payment of such donated surplus" the balance of any payment to be charged to earned surplus. No payment was made, however, until January 30, 1945, when decedent received $16,513.29, of which $8,045.15 was reported as a dividend received in 1945. Respondent determined a deficiency on the ground that the balance of the $16,513.29, or $8,468.14, was taxable to decedent as a dividend in 1945. [Opinion] As the case is presented, the payment in January 1945, to petitioner's decedent as stockholder of the payor corporation, must be treated as a distribution of earnings and profits under section 115(b), Internal Revenue Code, if the corporation's earned surplus was adequate to cover it; and this computation must be made not on the date of the distribution but as of the end of the year 1945. Section 115(a), Internal Revenue Code. The payor corporation's accounts *88 recorded "profit" for the years 1942 to 1945, inclusive, totaling $115,729.20. This total figure, less a $9,391.18 deficit on December 31, 1941; deductions for taxes presumably paid in 1943 to 1945, inclusive, of $16,050.88; and "cash withdrawals" in 1943 and dividends paid in 1944 of $10,000 and $8,000, respectively, leaves an earned surplus at the end of 1945 of approximately $72,287.14. The corporation was not on the accrual basis and is hence prohibited from deducting the Federal taxes accrued for 1945 but not paid in that year. The payments made to the stockholders in 1945 were but $33,000 so that the earned surplus thus computed was more than adequate to constitute that distribution a dividend. And this is so even though we grant that, as petitioner contends, the $35,000 declared in 1944 but unpaid in that year became an indebtedness of the corporation and hence a pro tanto diminution of surplus. Cf. Commissioner v. Goldwyn (C.A. 9), 175 Fed. (2d) 641; but cf. Putnam's Estate v. Commissioner, 324 U.S. 393. If that be so, and we make no determination of the question, and if the earned surplus figure is thereby reduced from approximately $70,000 to *89 approximately $35,000, it still remains more than sufficient to cover the $33,000 distribution. The conclusion must be that respondent's determination was correct as to the entire amount of the dividend, unless petitioner's contention that the sums contributed to donated surplus in 1939 of approximately $30,000 must also be deducted in computing the earned surplus in 1945. We think this proposition cannot be sustained. It is true that a deficit in the earned surplus account must first be made good before there can be additions to the earnings and profits, Arthur C. Stifel, 29 B.T.A. 1145, but a very different situation obtains here. There was no deficit in the surplus account; and this was for the very reason that decedent and his co-stockholder had contributed the amount to paid-in surplus instead of making it as a loan. That act was no doubt deliberate; the advantages to the corporation of carrying a credit in its surplus account would be considerable. But whatever the reason, it made it impossible for the corporation to need funds to make good any surplus deficit. Under these circumstances, while the donated surplus did not constitute "earnings," all of the corporation's *90 actual earnings became available for distribution. Cf. Annis Van Nuys Schweppe, 8 T.C. 1224, affirmed per curiam, Schweppe v. Commissioner (C.A. 9), 168 Fed. (2d) 284; Commissioner v. Wheeler, 324 U.S. 542; see Arthur C. Stifel, supra. We find no error in respondent's determination. Decision will be entered for the respondent.