T.C. Memo. 1996-325

UNITED STATES TAX COURT

R. EDWIN BROWN AND WINSOME S. BROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7462-94.                              Filed July 17, 1996.

<u>Rex L. Sturm</u>, for petitioners.

<u>Lindsey D. Stellwagen</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' Federal income tax for the taxable year 1990 in the
amount of $179,597 and an accuracy-related penalty under section
6662(a)[1] in the amount of $35,919.

---

[1]All section references are to the Internal Revenue Code in
effect for the taxable year in issue, and all Rule references are
                                              (continued...)

The issues for decision are: (1) Whether the amount of debt outstanding on certain computer equipment contributed to the Barnesville School is includable in the amount realized by petitioners from the transaction. We hold the debt is includable in the amount realized. (2) Whether petitioners are entitled to a charitable contribution deduction for computer equipment and lease rights contributed to the Barnesville School. We hold they are not. (3) Whether petitioners are liable for an accuracy-related penalty under section 6662(a) due to substantial understatement of income tax. We hold they are liable.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Dickerson, Maryland. Petitioners are married and filed a joint Federal income tax return for the year in issue. Since petitioner husband entered into the transaction at issue, the term "petitioner" refers to R. Edwin Brown.

On July 2, 1985, Federal Data Corp. (hereinafter FDC) entered into a Non-Recourse Loan and Security Agreement with and executed a promissory note to the Old Stone Bank (hereinafter

(...continued)
to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

OSB) for the purpose of purchasing computer equipment.  FDC leased the equipment to American Telephone and Telegraph Co. (hereinafter AT&T).  FDC assigned its rights, title, and interest in the lease to OSB.

On December 31, 1985, FDC and petitioner entered into a sale/leaseback transaction with respect to the computer equipment (hereinafter sometimes referred to as the equipment leasing transaction).  Pursuant to the equipment leasing transaction, the parties executed a Master Purchase Agreement, a Bill of Sale, and a promissory note entitled "Recourse Note and Security Agreement"[2] (FDC note) in the amount of $2,358,994.  On January 2, 1990, petitioner and the Barnesville School (hereinafter the School) executed an Assignment--Master Purchase Agreement and Master Lease Agreement (hereinafter the agreement) and Bill of Sale.  The Bill of Sale provides for the sale of the computer equipment and all rights in the lease with FDC to the School for $1 consideration.  The agreement provides, in relevant part, as follows:

> all right, title, and interest in the equipment and rights described in the Master Purchase Agreement and the Master Lease Agreement dated the 31st day of December, 1985, entered into by and between Federal Data Corporation * * * and R. Edwin Brown is by these presents hereby transferred, assigned, and set over to The Barnesville School. * * * The Barnesville School shall be substituted for the Buyer and that all applicable terms and conditions of the aforesaid

---

[2]  Although the note was entitled Recourse Note, the parties have acknowledged that the note, due to a stop loss clause, see sec. 465(b)(4), was treated as a nonrecourse note.

> Master Purchase Agreement and Master Lease Agreement shall remain in full force and effect.
>
> The Barnesville School agrees to use the proceeds from the aforesaid Master Lease Agreement to first satisfy the obligations under the Recourse Note and Security Agreement dated December 31, 1985, between R. Edwin Brown, Payor, and Federal Data Corporation, Payee, as provided in the Agency Agreement between said parties.

On January 2, 1990, petitioner's outstanding obligation under the FDC note was $1,540,280.

On their Federal income tax returns for years 1985-89, petitioners claimed deductions for depreciation and interest relating to the equipment-leasing transaction. Three separate statutory notices of deficiency were issued, in which respondent disallowed petitioners' claimed deductions pursuant to section 465. Petitioners petitioned the Tax Court in each instance. Losses in the amount of $549,122 were disallowed for those years and were treated as a carryforward of suspended losses. On July 21, 1993, respondent sent petitioners a statutory notice of deficiency for the 1990 tax year, determining a gain on the disposition of the computer equipment to the School and allowing the gain to be reduced by suspended losses for years 1985-89. However, on February 10, 1994, in response to petitioners' continued litigation in the Tax Court with respect to the 1988 and 1989 losses, respondent sent petitioners a second statutory notice of deficiency for the 1990 tax year allowing the gain to be reduced by suspended losses for years 1985-87 only.

Subsequently, on April 19, 1994, this Court entered a decision reflecting the settlement of petitioners' 1988 and 1989 tax years. As a consequence, respondent concedes that to the extent petitioner realized a gain on the disposal of the computer leasing equipment, the gain is reduced by suspended losses from 1985-89. Petitioners did not claim a charitable contribution deduction on their 1990 Federal income tax return relating to the property transferred to the School.

At the end of the trial, respondent orally moved for leave to conform the pleadings to the evidence. Petitioners objected. We took the motion under advisement. We subsequently issued an order indicating that to the extent we allow respondent to amend the pleadings to conform to the proof we would grant petitioners the same privilege. To this end, we directed the parties to brief the consequences of the sale of the computer equipment and rights to the lease for purposes of claiming a charitable contribution deduction.

## OPINION

As a preliminary matter, we must resolve two issues: Whether the second statutory notice of deficiency is valid and whether respondent's motion to conform the pleadings to the evidence should be granted.

## Validity of Respondent's Second Statutory Notice of Deficiency

In their petition, petitioners allege that respondent improperly issued a second statutory notice of deficiency.

Respondent argues she was not precluded from issuing a second notice of deficiency because petitioners had not filed a Tax Court petition with respect to the first notice of deficiency.

If the Commissioner mails a notice of deficiency in income tax and the taxpayer files a timely petition with the Tax Court, the Commissioner is in general precluded from mailing to the taxpayer a second notice of deficiency determining an additional deficiency in income tax for the same year.  Sec. 6212(c); McCue v. Commissioner, 1 T.C. 986, 987-988 (1943).  See generally Breman v. Commissioner, 66 T.C. 61, 65-70 (1976).  Accordingly, the Commissioner is restricted from issuing a second notice of deficiency with respect to the same taxable year only if the taxpayer has filed a Tax Court petition with respect to the first notice of deficiency.  Goff v. Commissioner, 18 B.T.A. 283, 288-289 (1929); Gmelin v. Commissioner, T.C. Memo. 1988-338, affd. without published opinion 891 F.2d 280 (3d Cir. 1989).

On July 21, 1993, respondent sent a statutory notice of deficiency to petitioners determining a deficiency for taxable year 1990.  Petitioners did not file a petition with respect to the July 21, 1993, notice of deficiency.  Respondent issued a second statutory notice of deficiency on February 10, 1994, in an attempt to preserve respondent's position with respect to prior year deductions being contested by petitioners in another proceeding before the Court.

Since petitioners had not filed a petition with the Court, section 6212(c) did not preclude respondent from issuing a second statutory notice of deficiency for tax year 1990.  Accordingly, we hold that the second statutory notice of deficiency is valid.

Motion To Conform Pleadings to the Evidence

Respondent's motion is for leave to file an amended answer for an increased deficiency and penalty.  The increase from $1,017,248 to $1,540,280 arises due to correction of the amount realized from the transfer of the computer lease obligation.  Petitioners allege harm and prejudice should we allow respondent to amend her answer.

At the close of trial, respondent moved pursuant to Rule 41(b) to increase the deficiency.  This Court has held on numerous occasions that it will not consider issues which have not been properly pleaded or otherwise preserved.  Markwardt v. Commissioner, 64 T.C. 989, 997-998 (1975).  Nevertheless, Rule 41(b) provides a procedure whereby in appropriate circumstances the pleadings may be amended to conform to the evidence presented at trial.[3]

---

[3]  Rule 41(b) provides as follows:

> (1) Issues Tried by Consent:  When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  The Court, upon motion of any party at any time, may allow such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues, but failure to amend
>                                           (continued...)

Section 6214(a) requires a claim for increased deficiency to be asserted at or before the hearing or a rehearing.  It is well established that the word "hearing" as used in section 6214(a) encompasses the entire "proceeding" up until the decision of the Tax Court has been entered.  Henningsen v. Commissioner, 243 F.2d 954 (4th Cir. 1957), affg. 26 T.C. 528 (1956); Law v. Commissioner, 84 T.C. 985, 989 (1985).

As part of the parties' joint stipulations, Exhibit 8-H was admitted into evidence.  That exhibit is the recourse note entered into between petitioner and FDC.  In addition, page 8 of Exhibit 8-H is the debt service schedule.  The schedule begins with the principal balance of $2,358,994 and chronicles the payments made on the note.  As of January 2, 1990, the date of the transfer to the School, the debt service schedule shows a balance of $1,540,280.

---

[3](...continued)
does not affect the result of the trial of these issues.

(2) Other Evidence:  If evidence is objected to at the trial on the ground that it is not within the issues raised by pleadings, then the Court may receive the evidence and at any time allow the pleadings to be amended to conform to the proof, and shall do so freely when justice so requires and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice such party in maintaining such party's position on the merits.

(3) Filing:  The amendment or amended pleadings permitted under this paragraph (b) shall be filed with the Court at the trial or shall be filed with the Clerk at Washington, D.C., within such time as the Court may fix.

The basic issue in the instant case--whether the nonrecourse debt should be included in the amount realized upon transfer of the computer to the School--was not altered by the increase in the deficiency asserted by respondent.  Petitioners had full opportunity to meet the claim for an increased deficiency because it was apparent from the outset of this suit that respondent included the "nonrecourse debt" in the amount realized by petitioners from the transfer of the equipment, and they themselves stipulated the document which showed that the debt was $1,540,280 rather than $1,017,248, thus giving rise to the corresponding assertion of an increased deficiency.  We find that justice requires that we allow respondent's answer to be amended. Rule 41(a).

Accordingly, respondent's motion to amend her answer to conform to the evidence so as to assert an increased deficiency will be granted.  Respondent has the burden of proving, however, that petitioners are liable for the increased deficiency.  Rule 142(a).

Issue 1.  Income From the Disposition of the Equipment Leasing Interest

Respondent asserts that petitioners' amount realized from the transfer to the School must include the obligation under the FDC note as a consequence of the School's assumption of the note. Petitioners argue that the note was not assumed by the School and, furthermore, that the note was illusory.

Generally, gain or loss from the disposition of property is measured by the amount realized less the adjusted basis of the property. Sec. 1001(a). The amount realized from the sale or other disposition of property is defined as money received plus the fair market value of any property received. Sec. 1001(b). Furthermore, the amount realized generally includes the amount of liabilities from which the transferor is discharged as a result of the sale or disposition. Sec. 1.1001-2(a), Income Tax Regs. An exception to this rule applies if the liability was incurred by reason of the acquisition of the property but such liability was not taken into account in determining the transferor's basis for the property. Sec. 1.1001-2(a)(3), Income Tax Regs.; see also Brown-Forman Corp. v. Commissioner, 94 T.C. 919, 940 (1990), affd. 955 F.2d 1037 (6th Cir. 1992); cf. Mendham Corp. v. Commissioner, 9 T.C. 320 (1947); Lutz & Schramm Co. v. Commissioner, 1 T.C. 682 (1943).

When a nonrecourse liability is at issue, a discharge of the liability occurs when there is a sale or other disposition of the property that secures the nonrecourse liability. Sec. 1.1001-2(a)(4)(i), Income Tax Regs. A charitable contribution of property can be treated as a sale or exchange. Guest v. Commissioner, 77 T.C. 9, 25 (1981); sec. 1.1011-2(a)(3), Income Tax Regs.

Both parties cite Commissioner v. Tufts, 461 U.S. 300 (1983), in their arguments.

In Tufts, the Supreme Court held that where a taxpayer disposes of property encumbered by nonrecourse indebtedness in an amount that exceeds the fair market value of the property, the outstanding amount of the nonrecourse obligation is includable in the amount realized by him.  Moreover, the Supreme Court concluded:

> Unless the outstanding amount of the mortgage is deemed to be realized [at the time of sale], the mortgagor effectively will have received untaxed income at the time the loan was extended and will have received an unwarranted increase in the basis of his property.
> * * *  [Id. at 310; fn. ref. omitted.]

"In so holding, the Supreme Court reaffirmed the Crane 'balancing entry' theory which is that the amount of the nonrecourse liability is to be included in calculating both the basis and the amount realized upon disposition."  Rice's Toyota World, Inc. v. Commissioner, 81 T.C. 184, 196 n.9 (1983), affd. in part, revd. in part and remanded 752 F.2d 89 (4th Cir. 1985).  This theory is based upon the assumption that the mortgage was properly includable in basis from the beginning and that it will be repaid in full.  Id.  Accordingly, we have concluded that Tufts involved the symmetrical treatment to be accorded where nonrecourse liability has been properly included in basis initially and must thereafter also be included in the amount realized on disposition of the encumbered property.  Dean v. Commissioner, 83 T.C. 56, 78 n.10 (1984).

Respondent argues that <u>Tufts</u> is controlling, while petitioners argue that the transaction at issue was subject to section 465(b)(4) and therefore <u>Tufts</u> has no application.[4] We essentially rejected petitioners' argument when we previously held that the at-risk rules of section 465 do not supersede the judicial doctrines for testing the inclusion of purported nonrecourse debt in basis. <u>Waddell v. Commissioner</u>, 86 T.C. 848, 899 (1986) (citing S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 86, and noting that the at-risk rules do not replace the rules for basis determination), affd. 841 F.2d 264 (9th Cir. 1988). Since the debt is included in basis notwithstanding any limitations imposed by section 465, the exception in section 1.1001-2(a)(3), Income Tax Regs., would not apply. Moreover, under the symmetrical analysis, it follows that where nonrecourse liability has been properly included in basis initially, it must thereafter also be included in the amount realized on disposition of the encumbered property.

Furthermore, we note that the losses limited by section 465 are recognized upon disposition of the property. <u>Allen v. Commissioner</u>, T.C. Memo. 1988-166; see also sec. 465(a)(2).

---

[4] Petitioners refer to a footnote in <u>Tufts</u> in support of their position: "this congressional action [enactment of sec. 465] may foreshadow a day when nonrecourse and recourse debts will be treated differently". However, respondent points out that the Supreme Court went on to say that "neither Congress nor the Commissioner has sought to alter <u>Crane's</u> rule of including nonrecourse liability in both basis and the amount realized." <u>Commissioner v. Tufts</u>, 461 U.S. 300, 309 n.7 (1983).

Respondent has conceded this effect. Therefore, we disagree with petitioners that section 465 and the inclusion of the debt in amount realized are mutually exclusive.

Moreover, we find no support in the record that respondent and petitioners treated the debt as illusory. In contrast, petitioners included the amount of the debt in their basis and attempted to claim deductions relating thereto. Similarly, respondent disallowed those deductions, not because the debt was illusory, but rather because the section 465 at-risk rules applied. Accordingly, we hold that petitioners must include in their amount realized the amount of the FDC liability.

Since we have granted respondent's motion to increase the deficiency, she has the burden of proving the increased amount. In light of the debt service schedule reflecting a balance of $1,540,280 as the principal balance of the FDC note on January 2, 1990, and since petitioners have not offered any evidence to the contrary, we hold that respondent has met her burden of proof with respect to the increased deficiency.

Issue 2. Charitable Contribution Deduction

Respondent argues that petitioners are not entitled to a charitable contribution deduction because the amount of the encumbrance exceeded the fair market value of the property at the time of the transfer.  Petitioners argue that they should be allowed a charitable contribution deduction for the projected income stream associated with the lease.

A taxpayer may make a charitable contribution by selling or disposing of property to a charity for less than its fair market value.  Estate of Bullard v. Commissioner, 87 T.C. 261, 265 (1986).  The amount of the charitable contribution resulting from such a "bargain sale" generally is the excess of the fair market value of the property over its sale price.  Id.; Stark v. Commissioner, 86 T.C. 243, 255-256 (1986); Knott v. Commissioner, 67 T.C. 681 (1977); Waller v. Commissioner, 39 T.C. 665, 677 (1963).  Furthermore, to the extent that the fair market value of property contributed exceeds the debt on the property, taxpayers are entitled to a charitable contribution deduction.  Guest v. Commissioner, supra at 25.

A taxpayer has the burden of proving the amount of a charitable contribution that he or she may deduct.  Rule 142(a); Guest v. Commissioner, supra; Lamphere v. Commissioner, 70 T.C. 391 (1978).  Section 1.170A-1(c)(1), Income Tax Regs., provides that the amount of a charitable contribution of property other than money is the fair market value of the property at the time

of the contribution subject to certain reductions.  Section 1.170A-1(c)(2), Income Tax Regs., defines fair market value as "the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having a reasonable knowledge of relevant facts."

Petitioners offered virtually no evidence regarding the fair market value of the computer and lease.  The School received lease payments on the Master Lease, but there is no proof that those amounts were contributed by petitioners.  Petitioners did not contribute any cash to the School.  Nor did petitioners report as income any of the lease payments received by the School.  Moreover, petitioners have not offered proof on the projected income stream, if any, with respect to the lease of the computer equipment.

Petitioners have not proven that the fair market value of the contributed property was in excess of the debt assumed.  Accordingly, we hold that petitioners are not entitled to a charitable contribution deduction.

Issue 3. Section 6662 Substantial Understatement Penalty

Respondent determined that petitioners are liable for the section 6662(a) penalty for 1990.  Petitioners argue that there was substantial authority for the position taken on their return.  Furthermore, petitioners argue that the complexity of the matter

and the prior inconsistent positions of respondent make any penalty inappropriate.

Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b). Section 6662(b)(2) specifies as one of those items "Any substantial understatement of income tax." An understatement is substantial if it exceeds the greater of 10 percent of the amount of tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A) and (B). An understatement means the excess of the amount of the tax required to be shown on a return over the amount of tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). Sec. 6662(d)(2)(A).

An understatement is reduced to the extent it is (1) based on substantial authority or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6662(d)(2)(B). To determine whether the treatment of any portion of an understatement is supported by substantial authority, the weight of authorities in support of the taxpayer's position must be substantial in relation to the weight of authorities supporting contrary positions. Antonides v. Commissioner, 91 T.C. 686, 700-704 (1988), affd. 893 F.2d 656 (4th Cir. 1990); sec. 1.6662-4(d)(3), Income Tax Regs.

Furthermore, the accuracy-related penalty under section 6662(b)(2) does not apply with respect to any portion of an

underpayment if it is shown that there was reasonable cause for such portion of the underpayment and that the taxpayers acted in good faith with respect to such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayers acted with reasonable cause and in good faith depends upon the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayers' effort to assess their proper tax liability for the taxable year.  Id.

After carefully examining the record, we find no basis on which we can find that petitioners had substantial authority, that they adequately disclosed the relevant facts concerning the items on their tax return, or that they acted with reasonable cause and in good faith with respect to any portion of the understatement determined by respondent.  We have considered all of petitioners' arguments on this point and find them to be without merit.  On the instant record, we sustain respondent's determination that petitioners are liable for the accuracy-related penalty with respect to their entire underpayment of tax for 1990.

To reflect the foregoing, and to take into account concessions made,

> An appropriate order will be issued and decision will be entered under Rule 155.