HARRY H. DIAMOND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96651.  Promulgated February 28, 1941.

*Harold S. Skinner, Esq.*, for the petitioner.
*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

HILL: The principal issue submitted for decision in this case is whether the loss sustained by petitioner in the taxable year by reason of the foreclosure of a mortgage on real estate owned by him constituted an ordinary loss deductible in full under section 23 (e) of the Revenue Act of 1936, as contended by petitioner, or whether, as contended by respondent, such loss resulted from a "sale or exchange" of a capital asset within the meaning of section 117 (d) of the same act, and thus was subject to the limitations on deduction of capital losses provided therein. Section 23 (e) allows as deductions, in computing the net income of individuals, losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit; while section 117 (d) provides that losses from "sales or exchanges" of capital assets shall be allowed only to the extent of $2,000 plus the gains from such "sales or exchanges."

In his income tax return for the year 1936 petitioner deducted $33,832.49 as a loss resulting from the foreclosure sale above mentioned. In the deficiency notice, respondent allowed a capital loss of $2,015, which embraced the allowance of $2,000 provided in section

117 (d), plus the amount of $15 reported by petitioner as gain from the sale or exchange of capital assets.

There is no controversy that the property sold under foreclosure was a capital asset, nor that petitioner's loss was incurred in a transaction entered into for profit. The question is whether or not the loss resulted from a "sale or exchange" as that term is used in section 117 (d). On brief, petitioner cites and relies upon the decision of the Circuit Court of Appeals for the Sixth Circuit in *Commissioner* v. *Hammel*, 108 Fed. (2d) 753, and concedes that the material facts in the *Hammel* case were substantially the same as those in the case at bar. In that case the Circuit Court of Appeals held that a foreclosure sale was not a "sale or exchange" within the meaning of section 117, and therefore a loss sustained by a mortgagor through foreclosure was not a capital loss subject to the limiting provisions of section 117. However, the decision of the lower court in the *Hammel* case was reversed by the Supreme Court of the United States in *Helvering* v. *Hammel*, 311 U. S. 504, it being there held that for the purpose of applying the limitations on deduction of capital losses provided in section 117, the term "sales" applied to forced sales as well as voluntary sales.

On authority of the decision last above cited, we approve respondent's determination in the present proceeding in so far as it is involved in the principal issue.

There remains for consideration a second question, relating to the right of the petitioner to deduct as an ordinary loss the amount of $4,500 paid by petitioner in 1936, subsequent to the foreclosure sale, in order to obtain release from personal liability under the mortgage. In addition to the deduction taken by petitioner in his return for loss of his investment in the property in the amount of $33,832.49 on account of money paid on the purchase price prior to the foreclosure sale, he also deducted as a loss the $4,500 paid to the mortgagee in settlement of a suit for deficiency judgment. In the deficiency notice respondent made no change with reference to such deduction of $4,500, but, by amended answer filed pursuant to leave duly granted, respondent alleged that the payment of $4,500 was a part of the capital loss sustained as a result of the foreclosure sale and, since the maximum amount of deductible loss allowable under the statute is $2,015, the inclusion of the $4,500 in such loss does not increase or otherwise affect the deductible amount thereof. In the amended answer respondent further made claim for the increased deficiency which would result from the disallowance of the deduction of $4,500 taken by petitioner in his return. Petitioner contends that the payment to secure relief from personal liability under the mortgage was made after the loss of the foreclosure had been fully sustained, and was a separate transaction; hence, that the amount is deductible as

an ordinary loss, irrespective of the nature of the loss of his investment in the property resulting from the foreclosure. We do not agree with petitioner's contention.

Petitioner had actually paid $38,332.49 on the purchase price of the land at the time of the foreclosure sale. This amount plus his mortgage indebtedness liability of $26,000 equals $64,332.49, the amount stipulated as the depreciated cost of the land and improvements thereon at the time of the foreclosure sale on January 2, 1936. The record does not disclose the exact amount for which the land sold at foreclosure sale, but it seems safe to assume that it was an amount which when credited on the mortgage indebtedness of $26,000 plus the cost of foreclosure proceedings reduced such indebtedness to about $20,000.

If the payment of the $4,500 by the petitioner in settlement of the balance of his mortgage debt, remaining after the foreclosure sale, was a part of the cost to him in the purchase of the mortgaged property, it was a part of his realized capital loss which resulted from the foreclosure sale. If, however, the settlement of the mortgage debt deficiency be considered as a transaction unrelated to, and independent of, petitioner's investment in the mortgaged property and the foreclosure sale thereof, there is no basis upon which to predicate a loss since, in such unrelated aspect, petitioner merely settled a personal obligation of about $20,000 by the payment of $4,500.

The mortgage debt deficiency had its inception in the personal obligation of petitioner to pay the purchase price of the lands involved. The foreclosure of the mortgage lien to secure such payment could only occur upon petitioner's failure to discharge the obligation. The foreclosure sale relieved petitioner of such obligation only to the extent that it was reduced by the amount realized on such sale. The payment of the remainder of the purchase price continued to be a personal obligation of petitioner until it was satisfied. Such remainder or deficiency never lost its character as a purchase money obligation. The payment in settlement of such deficiency was merely a payment on the purchase price of the property which petitioner had obligated itself to make. Such payment of $4,500 was, therefore, part of the cost to petitioner of the mortgaged property and must be included as such in determining the capital loss sustained by it in the foreclosure sale.

Taxation is a practical matter, and in our opinion it is clear that the amount paid by petitioner to escape a deficiency judgment was a part of the total loss sustained by him as a direct result of the foreclosure sale of the realty. It should be so treated for tax purposes. Compare on this point, *John O. Fowler*, 40 B. T. A. 1293; *Pender* v. *Commissioner* (C. C. A., 4th Cir.), 110 Fed. (2d) 477.

*C. L. Gransden & Co.*, 39 B. T. A. 985, appears to hold contrary to our view herein that the $4,500 payment in settlement of a suit for a deficiency judgment represents a capital loss within the meaning of section 117 (d). A question similar to this in principle was involved in the *Gransden* case as determined by the Board, but it was not included in the subject of review by the Circuit Court which affirmed the Board's decision in *Gransden & Co.* v. *Commissioner*, 117 Fed. (2d) 80. In so far as our decision in the *Gransden* case on the question indicated may be construed as being in conflict with our holding herein, it will not be followed hereafter.

The deduction taken by petitioner is disallowed, and respondent's claim for an increased deficiency is approved.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TURNER and MELLOTT dissent on the second point.