*102 OPINION.
TTtt.t. :
The partnership of Abelson & Getz, of which all the present petitioners were members, purchased in 1928 certain real property in Chicago known as the Southfield Apartment Building, subject to a first mortgage in the amount of $130,000. Neither the partnership nor petitioners assumed personal liability for the payment of the mortgage. The mortgage was foreclosed and on February 11, 1935, the property was sold pursuant to decree of the court, but under Illinois law the partnership had the right to redeem within a period of 12 months from the date of sale. The cost of redemp-I; tion would have been approximately $80,000, while the actual value I of the property in 1935 was not in excess of $60,000. The property was not redeemed, and as a result of the foreclosure sale the part- ' nership sustained a loss of $44,413.69, representing the amount of its depreciated investment in the property. Petitioners deducted their proportionate shares of such loss in their individual returns for the taxable year.
Petitioners contend that the loss was sustained, for tax purposes, in 1935 at the time of the sale, and that the entire amount is deductible as an ordinary loss, relying upon Commissioner v. Hammel (C. C. A., 6th Cir.), 108 Fed. (2d) 753, and other decisions of like effect.
*103 In determining the deficiencies, respondent disallowed in their entirety the loss deductions claimed by petitioners from gross income of the taxable year, holding that any loss suffered by the partnership on account of the foreclosure sale of the Southfield Apartment Building was sustained in 1936, upon termination of the period of redemption, and was a capital loss subject to the limiting provisions of section 117 of the Revenue Act of 1936. On brief, respondent urges the same contention, and also, in the alternative, that if the loss be held to have been sustained in 1935 it was a capital loss, subject to the limiting provisions of section 117 of the Revenue Act of 1934. Sections 117 (d) of both acts are identical and, so far as material here, provide that losses from “sales or exchanges” of capital assets shall be allowed only to the extent of $2,000, plus the gains from such sales or exchanges.
' The contention of petitioners that the loss sustained by the partnership is deductible as an ordinary loss is predicated upon the holding of the Circuit Court of Appeals in the Hammel case, supra, that a foreclosure sale is not a “sale or exchange” within the meaning of the statute. This decision, however, was reversed by the Supreme Court in Helvering v. Hammel, 311 U. S. 504, where it was held that the term “sales” applied to forced sales as well as voluntary sales, within the purview of section 117 of the Revenue Act of 1934, limiting the deduction of capital losses. The Supreme Court further held that the definitive event fixing the loss was the foreclosure sale and not the decree of foreclosure which ordered and preceded the sale. It is to be noted that in the Hammel case there was no statutory period of redemption extending beyond the date of the foreclosure sale. The decision last cited governs the instant case, and the contention of petitioners that the loss in question is deductible in full can not be sustained, j It is immaterial that neither the partnership nor any of these petitioners assumed personal liability for payment of the mortgage. Edward F. C. McLaughlin, 43 B. T. A. 528; Welch v. Street, 116 Fed. (2d) 953.
There remains for consideration the question of the year in which the loss was sustained; that is, whether the loss was complete in the taxable year 1935 when the property was sold under foreclosure, or in 1936 upon expiration of the period of redemption. It has been held that a taxpayer is entitled to deduct the loss sustained on account of foreclosure of a mortgage on real property only in the year when the period of redemption expires.[1] But this rule is not *104 applicable in a case where it is shown that the right of redemption was wholly without value in the year of sale and was abandoned by the taxpayer, whether or not he retained legal title to and possession of the property until expiration of the redemption period. The loss is allowable in the year in which it reasonably appears that the taxpayer’s investment in the property became wholly worthless.[2]
The facts in the present case show (1) that the actual value of the property at the time of the foreclosure sale was very materially less than the amount it would have cost the partnership to redeem; (2) that immediately after the sale the partners met for a discussion of the advisability of redeeming, and, although financially able to redeem, they definitely and unanimously decided that their investment was not worth the cost of redemption and abandoned such right; and (3) that neither the partnership nor the partners individually ever took any further action in the matter. Subsequently there was in fact no redemption. The partners were the persons most directly interested, and there is nothing disclosed by the record which calls in question the bona fides of their action or even indicates other than the exercise of good business judgment. The facts, we think, constitute persuasive proof that the value of the partnership investment in the property and of its right of redemption was completely extinguished during the taxable year.
■ For the reasons indicated, we hold that the loss of the partnership was sustained in the taxable year 1935, and that pursuant to section 117 (d), supra, the amount thereof is deductible only to the extent of $2,000, plus the gains from capital sales or exchanges, if any.

Decisions will be entered under Rule 50.

 J. C. Hawkins, 34 B. T. A. 918; affd., 91 Fed. (2d) 354; Derby Realty Corporation, 35 B. T. A. 335; Nickoll v. Commissioner, 103 Fed. (2d) 619, 621; Ferdinand Hotz, 42 B. T. A 432. Cf. also Frederick Krauss, 39 B. T. A. 62

 Denman v. Brumback, 58 Fed. (2d) 128; Rhodes v. Commissioner, 100 Fed. (2d) 966; W. W. Hoffman, 40 B. T. A. 459; affd., 117 Fed. (2d) 987.