## R. O'DELL & SONS CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9554.

Circuit Court of Appeals.
Third Circuit.

Argued March 2, 1948.
Decided July 19, 1948.

Herbert C. Smyth, Jr., of New York City (David F. Maxwell, of Philadelphia, Pa., on the brief), for petitioner.

Morton K. Rothschild, of Washington, D. C., Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key and George Stinson, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

In 1939 the taxpayer, R. O'Dell & Sons Company, Inc., owned real estate in Newark, New Jersey, against which there was an outstanding mortgage of $150,000. The mortgage, executed April 5, 1928, secured payment of the taxpayer's bond to the Mutual Benefit Life Insurance Company of Newark. On May 9, 1939, the mortgage instituted an action to foreclose the mortgage in the Court of Chancery of New Jersey. On August 28, 1939, a judgment of foreclosure and sale was entered by that Court against the taxpayer directing that the mortgaged property be sold to satisfy the amount due under the mortgage with interest and costs plus certain small sums due the State of New Jersey. Execution was had on the judgment and the property was sold at public sale on October 17, 1939 to the mortgagee for $100. There were no other bidders. An order confirming the sale was entered by the Chancery Court on October 30, 1939. No action was taken by the mortgagee to secure a deficiency judgment or to collect any part of the remaining indebtedness within three months of the date of confirmation or, as a matter of fact, at any time thereafter. The Commissioner determined that the taxpayer "realized income in the year 1940 on the foreclosure and cancellation of a mortgage" issued by the taxpayer in the amount of $37,732.91.[1] He assessed deficiencies accordingly. Sustaining the Commissioner's determination, the Tax Court held that where the foreclosure of a mortgage and the sale of mortgaged property has the effect under applicable state law of discharging the taxpayer's obligation in an amount greater than the adjusted basis for the mortgaged property, the result is a taxable gain to the

---

[1] Computed as follows:

| | |
|---|---:|
| Total cost of buildings | $105,360.49 |
| Cost of land | 54,000.00 |
| Total cost of properties | 159,360.49 |
| Less: Allowable depreciation | 45,218.40 |
| Adjusted cost | 114,142.09 |

Consideration received:

| | | |
|---|---:|---:|
| Mortgage cancelled | $150,000.00 | |
| Interest accrued for 1937 | 1,875.00 | |
| | | 151,875.00 |
| Income realized on foreclosure proceedings | | $ 37,732.91 |

taxpayer in the year in which action for a deficiency judgment is barred. It treated the taxpayer as having secured a taxable gain in 1940. See 8 T.C. 1165. The taxpayer has petitioned for review.

■ Two points are involved. First, the taxpayer contends that there was no taxable gain because the debt was not extinguished by the foreclosure of the mortgage and the sale of the real estate. Next, he asserts that if there was taxable gain it occurred in 1939 at the time of the confirmation of the foreclosure sale and not in 1940 as the Tax Court found. We cannot agree with either contention. The taxpayer's interest in the mortgaged property constituted a capital asset within the meaning of Section 117 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 117. The foreclosure of the mortgage by judicial sale and purchase of the real estate, was a sale or exchange of an asset within the meaning of Section 112(a). See Helvering v. Hammel, 311 U.S. 504, 510, 61 S. Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, and Electro-Chemical Co. v. Commissioner, 311 U.S. at page 513, 61 S.Ct. 372, 85 L.Ed. 308. In these cases the Supreme Court held that no distinction was to be made between forced and voluntary sales of capital assets. In Stamler v. Commissioner of Internal Revenue, 3 Cir., 145 F.2d 37, 39, in which the real estate involved lay in New Jersey, this court said: "Where a mortgagor transfers his equity of redemption in property to the mortgagee in return for a release of liability on an accompanying bond given to evidence or further secure the mortgage debt, the transaction constitutes a sale or exchange of a capital asset."

In the instant case the taxpayer contends that Sections 2:65–2 and 2:65–4 of the Revised Statutes of New Jersey, 1937, N.J. S.A. 2:65–2 and 2:65–4 set out in the margin,[2] operate as a mere statute of limitations, that consequently, the taxpayer's indebtedness remains in existence and was not cancelled or extinguished by operation of law under the foreclosure. It follows, says the taxpayer, that there was no taxable gain to it as contended by the Commissioner.

We will assume for the purpose of the instant case that the provisions of the New Jersey statutes referred to do not eliminate the debt but merely afford to the mortgagor a valid defense to an action on the bond for any deficiency at the end of three months from the date of the confirmation of the sale of the mortgaged premises. In the instant case the Life Insurance Company made no attempt to procure a deficiency judgment. It follows, therefore, that on January 30, 1940, at the end of the three months' period set up by the New Jersey statute, the taxpayer's right of re-

---

2 As follows:

2:65–2. "Where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be:

"First, a foreclosure of the mortgage; and

"Second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs.

"The action on the bond shall be commenced within three months from the date of the confirmation of the sale of the mortgaged premises, in which action judgment shall be rendered and execution issued only for the balance due on the debt and interest and costs of the action.

"No action shall be instituted against any person answerable on the bond unless he has been made a party in the proceeding to foreclose the mortgage."

2:65–4. "If, after the foreclosure and sale of mortgaged premises, the person entitled to the debt shall recover a judgment in an action on the bond for any balance of debt, such recovery shall open the foreclosure and sale of the premises, and the person against whom the judgment has been recovered may redeem the property by paying the full amount of money for which the decree was granted, with interest to be computed from the date of the decree, and all costs of proceedings on the bond, and all reasonable expenses which the purchaser may have incurred in the meantime for taxes, assessments, other prior liens, necessary repairs upon the premises and interest on same after deducting from the amount thereof such income as the holder may have derived from the possession of the premises, either as rent or otherwise.

"A suit for redemption of the premises shall be brought within six months after the entry of the judgment for the balance of the debt."

demption thereunder was cut off and the transaction was complete. We entertain no doubt therefore that the transaction fell within the purview of Sections 111(a) and 112(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 111(a) and 112(a).

As its second point the taxpayer asserts that if there was a taxable gain it was realized in the year 1939 and not in the year 1940, relying in large part upon Abelson v. Commissioner of Internal Revenue, 44 B.T.A. 98, written by Judge Hill, and on his dissenting opinion in the instant case. While the learned Judge's opinions are entitled to great weight we concur in the majority view expressed by the Tax Court in the case at bar. The question is primarily one of interpretation of the statutes of New Jersey set out in footnote 2 supra. Section 2:65–4 of the Revised Statutes of New Jersey, read in conjunction with Section 2:65–2, provides that if after the foreclosure and sale of mortgaged premises the person entitled to the debt shall recover a deficiency judgment on the bond, such recovery " * * * shall open the foreclosure and sale of the premises * * *." and the obligor may redeem the property under the conditions prescribed by the statute.

It follows, therefore, that at any time up to and including January 30, 1940, the end of the three months period, the Life Insurance Company might have sued on the bond to recover a deficiency judgment. That it did not do so is beside the point for the transaction of foreclosure and sale could not be deemed to be completed until the rights given both to the taxpayer and to the Life Insurance Company by New Jersey statutes had expired. While it may be contended that the taxpayer might not have asserted the statutory defense available to it had the Life Insurance Company sued after January 30, 1940 for a deficiency judgment we are unable to perceive the pertinency of such a contention for the right to assert the defense lay in the taxpayer and the Life Insurance Company were not settled, or the transaction of foreclosure and sale completed, until 1940. Such is our interpretation of the law of New Jersey. See our decision in the Stam-

ler case, supra, and Fidelity Union Trust Co. v. Multiple Realty & Construction Co., 131 N.J.Eq. 527, 26 A.2d 155.

The taxpayer asserts that events prove that the foreclosure and sale actually were consummated on October 30, 1939 and that nothing occurred, as hindsight proves, to disturb that transaction: ergo, it was completed in 1939. But this view overlooks the rights of the respective parties under New Jersey law which extended by virtue of the statutes quoted past 1939 and into 1940. Hence we cannot accept the taxpayer's contentions.

Accordingly, the decision of the Tax Court will be affirmed.