**COMMISSIONER OF INTERNAL REVENUE**

v.

**FORTEE PROPERTIES, Inc.**

**No. 187, Docket 22791.**

United States Court of Appeals, Second Circuit.

Argued March 2, 1954.

Decided April 5, 1954.

H. Brian Holland, Ellis N. Slack and S. Walter Shine, Washington, D. C., for petitioner.

Irwin D. Shapiro, New York City, for respondent.

Before CHASE, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

The question presented is whether a condemnation award to a mortgagee on a non-assumed mortgage ·is taxable as a gain to the owner of the properties under the provisions of § 112(f) of the Internal Revenue Code, 26 U.S.C.A. § 112(f). The Tax Court found that the taxpayer's "property was condemned and involuntarily converted into money in the amount of $44,096.67," and accordingly held that no gain to the taxpayer was to

be recognized on the payment to the mortgagee. The tacit assumption essential to the court's decision is that the word "property" in § 112(f) of the Internal Revenue Code means no more than the taxpayer's equitable interest in the land and the buildings. We disagree. In our view, the decision here should be governed by the rationale of Crane v. Commissioner, 331 U.S. 1, 67 S.Ct. 1047, 1054, 91 L.Ed. 1301, interpreting the meaning of "property" under § 113 of the Internal Revenue Code, 26 U.S.C.A. § 113. The Crane case involved the computation of tax gain on the sale of depreciable property subject to a non-assumed mortgage. The Supreme Court held the value of the mortgage must be included in determining the base and the amount realized on the sale. The decision, distinguishing the words "property" and "equity," reasoned that "property" could not be restricted to mean merely the owner's rights over and above encumbrances.

While the Crane case can literally be distinguished as involving a different section and a different type of transaction, we think both the reasoning and spirit of the opinion are applicable here. The basis of the taxpayer's argument here is that, since he was not personally liable on the mortgage, he received no benefit and, hence, no gain on the satisfaction of the mortgage by payment to the mortgagee. This contention was rejected in the Crane case as to a transfer of property subject to a non-assumed mortgage. There the Court said that one "not personally liable on the debt, who sells the property subject to the mortgage and for an additional consideration, realizes benefit in the amount of the mortgage * * *." Similarly, satisfaction of a non-assumed mortgage, by payment to the mortgagee, benefits taxpayer in the case at bar. In practical terms, for the purpose of protecting his property from foreclosure, where the value of the property is greater than the amount of the mortgage, the taxpayer-mortgagor has to treat the obligations of a non-assumed mortgage as if they were his personal obligations. Payment to the mortgagee relieved the owner of this necessity.

Reversed.