Forest G. SMITH, Jr., and Rose Mary Smith, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 18641.

United States Court of Appeals
Ninth Circuit.

Nov. 27, 1963.

---

a taxpayer by a solvent third person may be treated as "money received" by the taxpayer, within the meaning of Section 1001(b) of the 1954 Code, to the amount of the obligations assumed. Cf. Crane v. Commissioner, 331 U.S. 1, 12–14, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947); Commissioner v. Fortee Properties, Inc., 211 F.2d 915, 916 (2d Cir., 1954); Parker v. Delaney, 186 F.2d 455, 458 (1st Cir., 1950); R. O'Dell & Sons Co. v. Commissioner, 169 F.2d 247, 248 (3d Cir., 1948); Mendham Corporation v. Commissioner, 9 T.C. 320 (1947).

3. The essential findings of fact of the Tax Court are not clearly erroneous.

Ernest R. Mortenson and Eugene Harpole, Pasadena, Cal., for petitioners.

Louis F. Oberdorfer, Asst. Atty. Gen., John B. Jones, Jr., Meyer Rothwacks, Norman H. Wolfe, Loring S. Post, Attys., Tax Division, Dept. of Justice, Washington, D. C., for respondent.

Before BROWNING and DUNIWAY, Circuit Judges, and MATHES, District Judge.

BROWNING, Circuit Judge.

Having examined the record and the pertinent authorities, we are satisfied that the decision of the Tax Court must be affirmed.

1. We do not read the stipulation filed with the Tax Court as precluding consideration of evidence extrinsic to the documents of sale bearing upon the intent of the taxpayer and the purchaser; and, of course, the parole evidence rule could not have that effect as between the Commissioner and the taxpayer. Thorsness v. United States, 260 F.2d 341, 345 (7th Cir. 1958), and cases cited; Stern v. Commissioner, 137 F.2d 43, 46 (2d Cir. 1943).

2. The court properly held, as a matter of statutory construction, that the assumption of personal obligations of