48TH STREET CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
48th Street Corp. v. Commissioner
Docket No. 9316-77.
United States Tax Court
T.C. Memo 1980-16; 1980 Tax Ct. Memo LEXIS 569; 39 T.C.M. (CCH) 904; T.C.M. (RIA) 80016; January 22, 1980, Filed *569 Petitioner failed to report a substantial portion of its income. The material allegations of fact by which respondent sought to sustain a fraud penalty under sec. 6653(b) were put forth in his answer. By Order of the Court pursuant to a motion by respondent under Rule 37(c), Tax Court Rules of Practice and Procedure, these facts were deemed admitted. Respondent filed motions under Rules 122 and 123, Tax Court Rules of Practice and Procedure, by which he moved for a judgment by default and for a judgment on the fraud issue. Held: both respondent's motions granted. Leslie J. Spiegel, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, *570 Judge: At all times relevant petitioner 48th Street Corporation was a New Jersey corporation with its principal office located in Englewood Cliffs, New Jersey. Petitioner's delinquent income tax return for its taxable year ended September 30, 1975 was filed with the District Director in Newark, New Jersey. By letter dated June 7, 1977 respondent determined a deficiency in income taxes paid by petitioner in the amount of $76,907.63 and an addition to tax under section 6653(b) for fraud in the amount of $38,453.82. By petition filed September 6, 1977 petitioner put both these determinations in issue. Respondent's answer was timely filed on November 2, 1977. In this answer respondent set forth, among other things, the material allegations of fact upon which he relies to sustain his assertion that at least part of the underpayment of tax, which he alleges was required to be shown on petitioner's income tax return, was due to fraud within the meaning of section 6653(b). A copy of this answer was served on petitioner by this Court on November 2, 1977. Under the provisions of Rule 37(a), Tax Court Rules of Practice and Procedure, any reply to respondent's answer petitioner intended *571 to file was due on or before December 19, 1977. See Rule 25, Tax Court Rules of Practice and Procedure. No such reply was ever filed. On January 31, 1978 respondent filed a motion under Rule 37(c), Tax Court Rules of Practice and Procedure, entitled "Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted." By this motion respondent moved that all the material allegations of fact set forth in his answer, by which he asserted those facts necessary to sustain his claim to the fraud penalty, be deemed admitted. This motion was granted in part, after a hearing on the motion, by Order dated May 10, 1978. The allegations, which were found by the Court to be deemed admitted, are set out in full below as they appear in paragraph 7 of the answer: [1]
a. During the taxable year ended September 30, 1975: (1) Petitioner was engaged in the business of owning and renting real property located at 207 48th Street, Union City, New Jersey. (2) All of petitioner's outstanding stock was owned by Anthony *572 Battifarano (hereinafter "Battifarano"), who was petitioner's president and chief executive officer. (3) Petitioner failed to maintain adequate books and records of its rental income and expenses, or it concealed or destroyed said records. b. Although petitioner issued rental receipts to its tenants for each monthly rental payment, said receipts were either concealed or destroyed and were not made available to petitioner's accountants or to respondent's agents. c. Petitioner failed to file its income tax return for the taxable year ended September 30, 1975 until after respondent's agents began their examination. d. In its deliquent return filed by petitioner for the taxable year ended September 30, 1975, petitioner failed to report the sale or exchange of its real estate, omitted gross rental income of $7,794.35 and overstated its operating expenses by $20,784.00. e. In its return for the taxable year ended September 30, 1975, petitioner reported gross rental receipts of $45,301.65 and expenses totaling $57,402.70, resulting in a loss of $12,101.05. f. As a result of petitioner's failure to provide adequate books and records to respondent's agents, respondent *573 computed petitioner's gross rental receipts for the taxable year ended September 30, 1975 to be $53,096.00 by an analysis of deposits to petitioner's checking account. g. Respondent determined that petitioner incurred operating expenses for the taxable year ended September 30, 1975 as follows: Real estate tax
$ 4,061.56
Mortgage interest
13,588.33
Fuel
6,269.00
Electric
1,063.00
Water
1,918.00
Depreciation - Building
9,536.32
Depreciation- Furniture
and Fixtures
181.49
Total
$36,617.70
h. After allowance of said operating expenses, petitioner realized net rental income of $16,478.30 for the taxable year ended Spetember 30, 1975. i. In December, 1974, petitioner, acting through Battifarano, obtained a $375,000.00 mortgage loan from the trustees of Local 734, Employee Pension Plan (International Brotherhood of Teamsters). Petitioner's rental property was pledged as security for said loan. j. Petitioner received net proceeds of $240,231.69 from the mortgage loan after payment of $132,386.79 to retire the existing mortgage and payment of $2,381.52 for attorney's fees and other costs of obtaining the loan. k. Petitioner represented to the *574 trustees that the proceeds of the mortgage loan would be used for improvements to the mortgaged premises. 1. Petitioner failed to make any improvements to the mortgaged premises and made only token principal and interest payments on the new mortgage. m. The mortgage proceeds of $240,231.69 was deposited to petitioner's checking account on December 13, 1974.
n. During December, 1974, petitioner distributed a total of $235,549.42 to or for the benefit of Battifarano. o.On September 24, 1975, petitioner entered into an agreement transferring title to the mortgage property to the trustees in exchange for the cancellation of the mortgage and loan, then in default. p. The transfer of the property in exchange for the cancellation of the mortgate and loan constituted a sale of the property which resulted in a net gain of $246,071.32 computed as follows: Balance due mortgagee
$372,136.14
Basis of real estate
121,041.62
Gain
$251,094.52
Less: Recapture of deprecia-
tion on furniture & fixtures
5,023.20
Net Gain
$246,071.32
q. No part of said gain was reported on petitioner's delinquent income tax return for the taxable year ended September 30, 1975. *575 r.Battifarano concealed his possession of the corporate funds distributed to him in December, 1974, through the use of a nominee and other means and, on September 26, 1976, filed a petition in bankruptcy. s. After allowance of net operating loss carryovers totaling $6,449.73, petitioner understated its taxable income in its delinquent income tax return for the taxable year ended September 30, 1975 in the amount of $261,123.09. t. Petitioner understated its income tax liability on its delinquent income tax return for the taxable year ended September 30, 1975 in the amount of $76,907.63.
By notice dated August 13, 1979 and served on that date, this case was set for trial at the trial session of this Court scheduled for Newark, New Jersey commencing November 26, 1979. On that date, no appearance having been made by petitioner, the Court put the case over to November 30, 1979 and directed respondent to make one last attempt to contact petitioner and secure his attendance at trial. On November 30, 1979, no appearance having been made by petitioner, the Court agreed to accept an appropriate motion from respondent on December 4, 1979. On December 4, 1979 respondent filed with *576 the Court a "Motion for Judgment of Default for Lack of Prosecution and Entry of Decision for the Deficiency in Tax and for Judgment on the Fraud Issue on the Facts Deemed Admitted Without Trial" under Rules 123 and 122, Tax Court Rules of Practice and Procedure. By his motion under Rule 123(a), Tax Court Rules of Practice and Procedure, respondent moved that a judgment by default be granted, and that a decision be entered for the amount of the deficiency stated in respondent's notice of deficiency. By his motion under Rule 122, Tax Court Rules of Practice and Procedure, respondent moved for a judgment on the fraud issue based on the facts deemed admitted and set out above. All the paragraphs of the petition by which petitioner alleged error in respondent's determinations were denied in respondent's answer. No evidence was adduced by petitioner to support its allegations of error. No distinction is made by the tax law between forced and ordinary sales or exchanges. Helvering v. Hammel, 311 U.S. 504, 506-511 (1941), R. O'Dell & Sons Co. v. Commissioner, 169 F.2d 247, 248 (3rd Cir. 1948), Estate of Jerrold Delman, Deceased, Et Al. v. Commissioner, 73 T.C. No. 3 *577 (Oct. 9, 1979). We find a deficiency in income taxes due from petitioner in the amount of $76,907.63. The facts deemed admitted by virtue of our Order of May 10, 1978 clearly establish the correctness of respondent's claimed additions to tax under section 6653(b). These facts easily carry respondent's burden of proof to establish, by clear and convincing evidence, petitioner's liability for the fraud penalty set out in section 6653(b). Section 7454(a), Miller v. Commissioner, 51 T.C. 915, 918 (1969). The course of conduct engaged in by petitioner reveals a clear attempt to avoid income taxes lawfully due the United States by way of the fraudulent understatement of income taxes required to be shown on its return for the taxable year in issue. We, therefore, sustain respondent's determination that at least a part of the understatement herein was due to fraud. [2] Respondent's motion under Rule 122, Tax Court Rules of Practice and Procedure, for judgment on the fraud issue is granted. Our procedure herein is the same outlined in our case of Gilday v. Commissioner, 62 T.C. 260, 262 (1974). *578 An appropriate order will be issued. Footnotes
1. The only relevant paragraphs of respondent's answer not deemed admitted by the Court were those which contained conclusions of law and not allegations of fact.↩
2. While respondent, in the alternative, asserted claims to the secs. 6653(a) and 6651(a) additions to tax we need not reach these claims as we have upheld his sec. 6653(b) claim. Sec. 6653(d) and 6653(a).↩