JOSEPH Y. AND NORIYO AIZAWA, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12827-90.          Filed August 6, 1992.

*Michael J. Morris,* for petitioners.
*Cheryl B. Harris,* for respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined deficiencies in petitioners' Federal income tax as follows:

*Additions to tax*

| Year ended | Deficiency | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6661 |
|---|---|---|---|---|
| 12/31/86 | $9,159 | $457.95 | To be determined | $2,289.75 |
| 12/31/87 | 31,153 | 1,557.65 | To be determined | 7,788.25 |

All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As a result of concessions of the parties, the only issue remaining for decision is the proper amount of petitioners' loss in 1987, resulting from a foreclosure sale.

All of the facts have been stipulated and are found accordingly.

Petitioners resided in Portland, Oregon, at the time they filed their petition. They filed cash basis Federal income tax returns for the years at issue.

Petitioners owned rental property which they purchased in 1981 for $120,000 plus $433 in closing costs. At the time of

purchase, they gave the sellers a $90,000 recourse mortgage note with interest only payable at the rate of $750 monthly, and the entire principal due and payable in June 1985. They made their last payment of interest in February 1985. Petitioners did not make any payment on the principal when due.

In 1987, the sellers obtained a judgment of $133,506.91 against petitioners in a foreclosure action, consisting of $90,000 mortgage principal, $18,000 accrued and unpaid interest, $25,000 in attorney's fees and $500 in court costs.[1] Also in 1987, the property was sold to the sellers at a foreclosure sale for $72,700 which was applied to petitioners' obligation under such judgment, leaving a deficiency judgment of $60,806.91.

There is no dispute between the parties that the foreclosure sale constituted a sale for tax purposes, *Helvering v. Hammel,* 311 U.S. 504 (1941), that petitioners suffered a loss thereon in 1987, and that petitioners' basis in the property at the time of the foreclosure sale was $100,091.38. Their dispute is with respect to the calculation of the "amount realized" on the foreclosure sale which should be applied against petitioners' basis, under section 1001(a),[2] in order to determine the amount of their loss.

Surprisingly, as far as we can determine, this is the first time a court has confronted this issue directly. Petitioners contend that the deficiency judgment should be deducted from the unpaid mortgage principal and that the difference of $29,193.09 ($90,000 minus $60,806.91) constitutes the amount realized on the foreclosure sale which, when deducted from their basis, produces a loss of $70,898.29 ($100,091.38 minus $29,193.09). Respondent counters that the $90,000 unpaid mortgage principal constitutes the amount realized on the foreclosure sale which, when deducted from petitioners' basis, produces a loss of $10,091.38 ($100,091.38 minus $90,000).[3]

---

[1] The difference of $6.91 is unexplained.

[2] Sec. 1001(a) provides:

SEC. 1001(a). COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

[3] Respondent does not contend that the accrued and unpaid interest or attorney's fees or court costs of the foreclosure should be so included. Cf. *Allan v. Commissioner,* 86 T.C. 655 (1986), affd. 856 F.2d 1169 (8th Cir. 1988).

Petitioners' position suffers from the infirmity that it calculates the amount realized by offsetting against only the unpaid principal balance of the mortgage the total amount of the deficiency judgment, which includes not only such unpaid balance but also the amounts representing accrued interest, attorney's fees, and court costs, amounts which petitioners, who are cash-basis taxpayers, have not yet paid. A proper calculation along the lines of petitioners' position, at the very least, would have added such latter amounts to the unpaid mortgage principal before making the indicated subtraction or alternatively omitted them from the calculation of the deficiency judgment.[4] Such equalizing would produce the result that the "amount realized" under section 1001(a) would be an amount represented by the proceeds of the foreclosure sale, a result we reach but by a different path. See *infra* p. 201; cf. 2 Bittker & Lokken, Federal Taxation of Income, Estates and Gifts, at 43-29 (2d ed. 1990).

Petitioners' reliance on *R. O'Dell & Sons Co. v. Commissioner,* 169 F.2d 247 (3d Cir. 1948), affg. 8 T.C. 1165 (1947), is misplaced. That case involved the question whether the taxpayer's loss should be recognized in the year of discharge of the deficiency judgment or the year of the foreclosure sale. Because of the close proximity of the sale and the discharge, the Court resolved the question in favor of the latter point in time. The question of how the amount realized should have been calculated, in order to determine the taxpayer's loss, was not addressed even tangentially. *Eisenberg v. Commissioner,* 78 T.C. 336 (1982), cited by petitioners, also involved the issue of the proper point in time for determining when gain or loss on a foreclosure sale is recognized and did not address the question of the amount realized.

Turning to respondent's position, we think it does not present an acceptable resolution of the issue before us. It requires petitioners to treat as money received an amount of their unpaid mortgage principal obligation from which they have not yet been discharged, leaving to the future the tax consequences of any subsequent payments or settlement of the deficiency judgment for less than the unpaid amount. Cf.

---

[4] Neither party has contended that any portion of the $72,700 proceeds of the foreclosure sale should be applied against the accrued and unpaid interest or the attorney's fees and costs. See *Newhouse v. Commissioner,* 59 T.C. 783 (1973); *Lackey v. Commissioner,* T.C. Memo. 1977-213.

*Arrowsmith v. Commissioner,* 344 U.S. 6 (1952).[5] Such treatment presents an obvious complication in that, if petitioners are thereafter relieved, either in whole or in part, of their obligation for the unpaid mortgage principal subsumed in the deficiency judgment, the usual rules as to income from discharge of an indebtedness will be difficult to apply. Those rules rest on the premise that taxpayers should not be permitted to retain the economic benefit of money received (or alternatively the freeing of assets which would otherwise have to be used to repay the indebtedness) in respect of which they have not previously paid a tax, see *Commissioner v. Tufts,* 461 U.S. 300, 311 n.11 (1983). By hypothesis, this situation will not obtain because petitioners will have already in effect paid the tax on their obligation for the amount of the unpaid mortgage principal.

The key to the resolution of the issue before us lies in the recognition that, in this case, there is a clear separation between the foreclosure sale and the unpaid recourse liability for mortgage principal which survives as part of a deficiency judgment. In the decided cases, the courts concluded that such survival did not exist and that the discharge of the recourse liability was closely related to, and should be considered an integral part of, the foreclosure sale. See *Chilingirian v. Commissioner,* 918 F.2d 1251 (6th Cir. 1990), affg. T.C. Memo. 1986-463; *R. O'Dell & Sons Co. v. Commissioner, supra; Diamond v. Commissioner,* 43 B.T.A. 809 (1941). Having so concluded, the courts reasoned that the same rationale as that of *Commissioner v. Tufts, supra* at 311-312, in respect of discharged recourse and nonrecourse mortgages, should be applied.

Where, as in this case, such separateness exists, the significance of the amount of the proceeds of the foreclosure sale becomes apparent. It cannot be gainsaid that the property was sold for $72,700 (an amount which we have no reason to conclude did not represent the fair market value of the property) and that petitioners received, by way of a reduction in the judgment of foreclosure, that amount and nothing more. That is the "amount realized" under section 1001(a)

---

[5] Respondent's position has been approved by some commentators. See Axelrod & Fetter, "Amount and Type of Taxable Gain on Real Estate Foreclosures Can be Controlled by the Parties", 43 Taxn. for Acct. 206, 208 (1989); Handler, "Tax Consequences of Mortgage Foreclosures of Real Property to the Mortgagee", 31 Tax L. Rev. 193, 229-230 (1976).

which is subtracted from petitioners' basis in order to determine the amount of their loss.[6]

We are aware of the fact that this approach enables petitioners to increase their loss by $17,300 ($90,000 less $72,700) representing borrowed funds which they might not repay and on which they have not yet paid a tax. But this is nothing more than the logical consequence of *Crane v. Commissioner,* 331 U.S. 1 (1947), which has been treated as sanctioning the right of a cash basis taxpayer to include the amount of an unpaid mortgage liability in his or her basis. See, e.g., *Parker v. Delaney,* 186 F.2d 455 (1st Cir. 1950); *Waddell v. Commissioner,* 86 T.C. 848, 898 (1986), affd. 841 F.2d 264 (9th Cir. 1988). To the extent that this presents a problem, it involves only a question of timing since subsequent events will eliminate any benefit petitioners may have obtained. They will not be entitled to deduct, as additional losses, any future payment against such unpaid principal, since the amount of such payment has already in effect been deducted. Additionally, they will be required to account for any benefit which they may obtain by way of a subsequent discharge, in whole or in part, of the amount of their indebtedness represented by the borrowed funds that have not been repaid.

Nothing in *Commissioner v. Tufts, supra,* requires the rejection of the proceeds of the foreclosure sale, which represent fair market value of the property, as the amount realized for the purpose of determining petitioners' loss. The language of the Supreme Court, which suggests that fair market value is irrelevant where that value is less than the amount of the unpaid mortgage principal, see *Commissioner v. Tufts, supra* at 307, was directed to the situation where that mortgage obligation was discharged—a situation which does not obtain herein. In point of fact, the Supreme Court implied, *id.* at 311 n.11, that fair market value, and therefore the proceeds of the sale of the property for that amount, might indeed be relevant where the foreclosure sale and the treatment of the mortgage obligation were separate.

Our conclusion that the proceeds of the foreclosure sale is the "amount realized" under section 1001(a) is further sup-

[6] This view has also been adopted by some commentators. See 2 Guerin, Taxation of Real Estate Transactions, sec. 14.20 (2d ed. 1991); Robinson, Federal Income Taxation of Real Estate, par. 9.03 (5th ed. 1988); see also *Hintenberger v. Commissioner,* T.C. Memo. 1977-414.

ported by the following analogy. Assume that, prior to the foreclosure, petitioners had an opportunity to sell the property for $72,700 to a third party who wanted to acquire the property free and clear. Petitioners asked their mortgagee to release the mortgage as security for their recourse obligation, and the mortgagee was willing to do so because petitioners were then persons of substantial means so that their unsecured obligation, which would continue, involved little or no risk. The mortgage was released (a nontaxable event, see *Lutz & Schramm Co. v. Commissioner,* 1 T.C. 682, 689 (1943)), and the property was then sold to the third party. There can be no doubt that, under these circumstances, petitioners' loss would be $27,391.38 ($100,091.38 basis minus $72,700). This scenario is, in substance, the same as exists herein; in both situations, the mortgage disappears as security and the personal obligation of petitioners to pay the balance of their recourse obligation survives.

In sum, we conclude that the $72,700 proceeds of the foreclosure sale constitute the "amount realized" under section 1001(a) and that consequently petitioners' loss was $27,391.38 (petitioners' basis of $100,091.38 less the foreclosure sale proceeds of $72,700).

In order to implement the various concessions of the parties in respect of other issues, including petitioners' basis in the property,

*Decision will be entered under Rule 155.*